IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

UNITED STATES OF AMERICA

v.

**ERICK JONATHON STEWART**
    **a/k/a "Juixe Juwop"**
    **a/k/a "Juice Juwop"**
    **a/k/a "Jamal Jordan Wright"**
    **a/k/a "realjuicejuwop"**
    **a/k/a "News19 Baby"**

Criminal No: 3:22-cr-00361

**PLEA AGREEMENT**

### General Provisions

This PLEA AGREEMENT is made this 18ᵗʰ day of April, 2023, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS by and through Assistant United States Attorney Lamar J. Fyall; the Defendant, **ERICK JONATHON STEWART, a/k/a "Juixe Juwop", a/k/a "Juice Juwop", a/k/a "Jamal Jordan Wright", a/k/a "realjuicejuwop", a/k/a "News19 Baby",** and Defendant's attorney, Seth Rose.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.  The Defendant agrees to plead guilty to Counts Two and Five of the Superseding Indictment now pending, which charges "Possession With The Intent to Distribute marijuana, flurofentanyl, fentanyl, cocaine, methamphetamine, and tramadol," a violation of Title 21, U.S.C., § 841(a)(1),

841(b)(1)(C),   841(b)(1)(D),   and   841(b)(2)(Count   Two)   and
"Possession of a Firearm by a Felon," a violation of Title 18,
U.S.C., § 922(g)(1) (Count Five).

In order to sustain its burden of proof, the Government is
required to prove the following:

### Count Two

A.   First, that the defendant possessed with intent to
distribute the amount of controlled substance alleged
in the indictment;

B.   Second, that the defendant did so knowingly or
intentionally; that is to say, that the defendant knew
the substance was a controlled substance under the
law.

The penalty for this offense is:

In a case involving a quantity of flurofentanyl, fentanyl,
cocaine, and methamphetamine

no prior felony drug convictions - a maximum term of
imprisonment of 20 years, no probation if death or serious
bodily injury results, no parole, a fine of up to
$1,000,000 and a term of supervised release of at least
three (3) years in addition to any term of imprisonment,
plus a special assessment of $100.

one or more prior felony drug convictions – a maximum term of imprisonment of 30 years, no probation, if death or serious bodily injury results, no parole, a fine of up to $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.

### Count Five

C.  First, that the Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

D.  Second, that the Defendant knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

E.  Third, that the Defendant knowingly possessed, transported, shipped, or received, the firearm(s) and/or ammunition; and

F.  Fourth, that the possession was in or affecting commerce because the firearm(s) and/or ammunition had traveled in interstate and/or foreign commerce at some point during its existence.

The penalty for this offense is:

18 U.S.C. §§ 922(g)(1) and 924(a)(2) - a maximum term of imprisonment of ten (10) years, a fine of $250,000 and a term of supervised release of not more than three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

If defendant has at least 3 prior convictions for a violent felony or serious drug offense:

18 U.S.C. ' 924(e) - a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of imprisonment of Life, a fine of $250,000 and a term of supervised release of not more than five (5) years in addition to any term of imprisonment, plus a special assessment of $100.00.

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of

restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

      A.   Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

      B.   Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but

will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case.  In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

4.    The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge.  The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation.  The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully.  The failure of the Defendant to be fully truthful

and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void.    Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

      A.    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

      B.    all additional charges known to the Government may be filed in the appropriate district;

      C.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

      D.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

5.    The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government.    Defendant further agrees that his

refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

6. Provided the Defendant cooperates and complies with all the terms of this Agreement, the Government agrees that it will not attempt to directly use any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement in any pending or future prosecution. The Government may make derivative use of and may pursue any investigation leads suggested by any statements made or other information provided by the Defendant for the purpose of obtaining other evidence which may be used in a prosecution of the Defendant. This is necessary to prevent the Government from having to prove that evidence it would introduce at any future trial is not tainted by any statements made or other information provided by the Defendant during this cooperation pursuant to this Agreement.

7. The Defendant also understands that this Agreement does not apply to restrict any such information:

        A.    known to the Government prior to the date of this Agreement;

        B.    concerning the existence of prior convictions and sentences;

-9-

       C.   in a prosecution for perjury or giving a false statement; or

       D.   in the event the Defendant breaches any of the terms of the Plea Agreement; or

       E.   used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised sua sponte by the District Court) at any state of the criminal prosecution (including bail, trial, and sentencing.)

8.   The Defendant stipulates and agrees that he has 1 prior felony drug conviction(s) and/or serious drug felony(s) and/or serious violent felony(s) that has have become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851, which subjects him to enhanced penalties.    The Defendant further stipulates and agrees that this paragraph and the Information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of the above referenced qualifying prior conviction(s) for purposes of that statute.    The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

9.    Provided the Defendant cooperates and otherwise complies with
      all the conditions of this Plea Agreement, the United States
      agrees to move to dismiss the remaining counts of the
      Indictment and Superseding Indictment at sentencing. The
      Defendant understands that the dismissal of the remaining
      counts would be in lieu of a motion for downward departure
      pursuant to § 5K1.1 of the United States Sentencing Commission
      Guidelines. The Defendant understands that the Court may
      consider these dismissed counts as relevant conduct pursuant
      to §1B1.3 of the United States Sentencing Commission
      Guidelines.

10.   The Defendant agrees to voluntarily surrender to, and not to
      contest the forfeiture of any and all assets and property, or
      portions thereof, which are subject to forfeiture pursuant to
      any provision of law, including but not limited to, property
      in the possession or control of the Defendant or Defendant's
      nominees. Specifically, the Defendant agrees to voluntarily
      surrender, and not contest the forfeiture of property
      identified in the Superseding Indictment, and any forfeiture
      Bill of Particulars.

      A.    Firearms:
            i. Glock, Model 27, .40 caliber pistol
               Serial number: NCRO41
            ii. Smith and Wesson, Model SD9VE, 9mm pistol
                Serial number: HRK0537

B. Ammunition:

    i. Miscellaneous rounds of 9mm ammunition

    ii. Miscellaneous rounds of .40 caliber ammunition

With regard to each and every asset listed in the Superseding Indictment or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

> To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

> That the Defendant has or had a possessory interest or other legal interest in each item or property.

> To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the

United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this Plea Agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which the Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and § 1B1.8 of the Unites States Sentencing Commission Guidelines will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation.  The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of

-13-

imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

11. The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

## Merger and Other Provisions

12. The Attorneys for the Government agree to recommend that the Defendant not be prosecuted by the Richland County Solicitor's Office for any similar or related state crimes, stemming from the incidents on May 5, 2021 and June 20, 2021, so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding upon the Richland County Solicitor's Office. Furthermore, the Defendant fully understands that he has no right to withdraw his guilty plea should such recommendation not be followed by the Richland County Solicitor's Office.

13. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a

-14-

sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

14. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the

-15-

Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

15. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the

Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

Date

4/7/2023

DATE

ERICK JONATHON STEWART, DEFENDANT

SETH ROSE
ATTORNEY FOR THE DEFENDANT

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

04-18-2023

Date

LAMAR J. FYALL (#13629)
ASSISTANT UNITED STATES ATTORNEY

-17-